R.M.S. TITANIC, INC., successor-in-interest to Titanic Ventures, limited partnership, Plaintiff,

v.

The WRECKED AND ABANDONED VESSEL, ITS ENGINES, TACKLE, APPAREL, APPURTENANCES, CARGO, ETC., Located Within One (1) Nautical Mile of a Point Located at 41 43′ 32″ North Latitude and 49 56′ 49″ West Longitude, Believed to be the R.M.S. Titanic, In rem, Defendant.

Action No. 2:93cv902.

United States District Court, E.D. Virginia, Norfolk Division.

Aug. 15, 2011.

Robert W. McFarland, Esquire, Norfolk, VA, Brian A. Wainger, Esquire, Virginia Beach, VA, David J. Bederman, Esquire, Emory University School of Law, Atlanta, GA, for Plaintiff.

Lawrence R. Leonard, Assistant United States Attorney, Norfolk, VA, for Interested Party/Amicus.

## ORDER

REBECCA BEACH SMITH, District Judge.

On August 12, 2010, this court granted R.M.S. Titanic, Inc. ("RMST") a salvage award in the amount of one hundred percent (100%) the fair market value of the artifacts recovered in the 1993, 1994, 1996, 1998, 2000, and 2004 expeditions to the wreck of the *R.M.S. Titanic* ("the artifacts"), but "specifically reserve[d] the right to determine the manner in which to pay the award, which decision will be made no later than August 15, 2 011." *R.M.S.*

*Titanic, Inc. v. Wrecked & Abandoned Vessel,* 742 F.Supp.2d 784, 809 (E.D.Va. 2010) (*"Titanic 2010"*). The court "reserve [d] its discretion to sell the artifacts in a judicial sale, until which time it may determine that no appropriate buyer for the collection, capable of maintaining and preserving the artifacts for the public interest, has interest in purchasing the collection at a fair market price." *Id.* at 808. Since that time, no buyer has come forward with an interest in purchasing the collection.

"[T]he decision whether to grant an *in specie* award lies solely within the court's discretion." *Id.* at 808 (citing *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel,* 286 F.3d 194, 204 (4th Cir. 2002) (*"Titanic 2002"*)). As a year has passed since the court granted RMST its salvage award, and no buyer with an interest in purchasing the artifact collection at a fair market value has come forward, the court **FINDS** that "the proceeds of any sale would clearly be inadequate to pay the salvor its full reward" in this case. *Titanic 2002,* 286 F.3d at 204. The court further **FINDS** that the amount of RMST's salvage award can only be satisfied by the court conveying title to the artifacts. Accordingly, the court **GRANTS** RMST title to the artifacts, specifically those recovered in the 1993, 1994, 1996, 1998, 2000, and 2004 salvage expeditions, *but such title is fully subject to the covenants and conditions that the United States, through the United States Attorney, negotiated and finalized with RMST and the court (the "Revised Covenants and Condition").*[1]

The Clerk is **DIRECTED** to forward a copy of this Order to counsel of record and

---

**1.** The Revised Covenants and Conditions are attached to the court's August 12, 2 010,

Opinion as Exhibit A. *Titanic 2010,* 742 F.Supp.2d at 809–824.

to Lawrence R. Leonard, Assistant United States Attorney.

**IT IS SO ORDERED.**